TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
Nevada Bar No. 8264
STEVEN J. ROSE
Assistant United States Attorney
Nevada Bar No. 13575
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Steven.Rose@usdoj.gov
*Attorneys for the United States of America*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | 2:24-cr-064-RFB-EJY |
| Plaintiff, | |
| v. | **Stipulation and Order to Continue Sentencing Hearing** |
| KEFER FUNCHES, aka "Swole," | **(First Request)** |
| Defendant. | |

It is hereby stipulated and agreed, by the undersigned, that the sentencing hearing set for February 27, 2026, be vacated and set to a time convenient to the Court but not sooner than 120 days from the current sentencing date:

1.     On April 2, 2024, an indictment was returned charging defendant with conspiracy to distribute controlled substances. ECF No. 1.

2.     On September 2, 2025, defendant changed his plea to a plea of guilty. ECF

Nos. 316, 317.

3.      Defendant is in the process of gathering mitigation evidence for sentencing and requires additional time to complete this process.

4.      One of defendant's counsel is currently in trial and unable to complete full preparation for sentencing.

5.      Counsel for the government anticipates being in trial in case 2:19-cr-103 which is set to begin on March 23, 2026, and is anticipated to last approximately 3 months.

6.      The parties require more time to prepare for sentencing particularly in light of the parties' trial schedules.

7.      Defendant is in custody and does not object to the continuance.

8.      Denial of this request could result in a miscarriage of justice. This continuance will allow counsel for defendant to prepare for sentencing and effectively and competently represent defendant through and during sentencing. Moreover, the speedy trial protections of the Sixth Amendment do not apply after an individual has pleaded guilty and are thus inapplicable here. *Betterman v. Montana*, 578 U.S. 437, 439 (2016).  Because the additional time is needed to ensure defendant has time to present a full mitigation at

2

sentencing, the additional time requested is not an "undue delay." Fed. R. Crim. P. 32 (b).

Respectfully submitted this 13th day of February, 2026.

TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney

/s/ Steven J. Rose                         /s/ Kathleen Bliss
STEVEN J. ROSE                         KATHLEEN BLISS, Esq.,
Assistant United States Attorney       ALEX SPELMAN, Esq.,
                                       Counsel for Defendant
                                       KEFER FUNCHES

TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
Nevada Bar No. 8264
STEVEN J. ROSE
Assistant United States Attorney
Nevada Bar No. 13575
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
*Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America, | 2:24-cr-064-RFB-EJY |
| Plaintiff, | **Order Approving Stipulation to Continue Sentencing Hearing** |
| v. | |
| KEFER FUNCHES, aka "Swole," | **(First Request)** |
| Defendant. | |

Based on the pending stipulation of the parties, and upon the Court's finding of good cause, IT IS HEREBY ORDERED:

**FINDINGS OF FACT**

1. The parties agree to the continuance.

2. The additional time is needed to ensure that counsel for defendant has sufficient time to gather mitigating evidence and prepare for sentencing particularly in light of the parties' trial schedules.

4

3. Additionally, denial of this request for a continuance could result in a miscarriage of justice. The time requested by this Stipulation is not an "unreasonable delay" of the sentencing. Fed. R. Crim. P. 32(b).

### CONCLUSIONS OF LAW

The ends of justice served by granting said continuance outweigh the best interests of the public and the defendant, since the failure to grant said continuance would be likely to result in a miscarriage of justice, would deny the parties herein sufficient opportunity to prepare for sentencing, taking into account the exercise of due diligence.

The time from the continuance sought herein is not an "unreasonable delay," for purposes of Fed. R. Crim. P. 32(b).

### ORDER

IT IS HEREBY ORDERED that the sentencing hearing scheduled for February 27, 2026, be vacated and continued to May 29, 2026 at 12:15 p.m.

_____

DATED this 13th day of February, 2026.

HONORABLE RICHARD F. BOULWARE, II
UNITED STATES DISTRICT COURT JUDGE

5