KATHLEEN BLISS LAW PLLC
Kathleen Bliss, Esq.
Nevada Bar No. 7606
170 South Green Valley Parkway
Suite 300
Henderson, Nevada 89012
Telephone: 702.518.7375
kb@kathleenblisslaw.com

S. Alex Spelman, Esq.
Winters Spelman PLLC
Nevada Bar No. 14728
3191 E Warm Springs Rd, Suite 100
Las Vegas, NV 89120
(702) 832-0342
a.spelman@wintersspelman.com

*Attorneys for Kefer Funches*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>Kefer Funches,<br><br>Defendant. | CASE NO. 2:24-cr-64-RFB-EYJ-1<br><br>**Stipulation and Order to Continue Sentencing Hearing**<br><br>**(Fourth Request)** |

It is hereby stipulated and agreed, by the undersigned, that the sentencing hearing set for August 27, 2026 at 8:30 AM be vacated and set to a date in or after Monday, September 28, 2026, except October 2–5, 2026, at a time convenient to the Court:

1. On April 2, 2024, an indictment was returned charging defendant with conspiracy to distribute controlled substances. ECF No. 1.

2. On September 2, 2025, defendant changed his plea to a plea of guilty. ECF Nos. 316, 317.

3. The sentencing hearing is currently scheduled for August 27, 2026 at 8:30 AM.

4. The parties stipulated to continue the previous sentencing setting due to the defense's continued efforts to gather mitigation. This is a case in which U.S. Probation is recommending 240 months, for context of the gravity and severity of the sentencing decision before the Court. Defendant submits that counsel has been tireless in its mitigation efforts. Among those efforts was obtaining the assistance of an expert witness to assess Mr. Funches and provide a report, and perhaps testify.

5. Today, on August 20, 2026—the same day the sentencing memoranda would otherwise be due—defense counsel received a final report from the aforementioned expert witness, the disclosure of which was due to no fault of the expert or counsel The defense submits that its findings are substantial and necessary for this Court's consideration pursuant to 18 U.S.C. § 3553(a). Relevant from this report are not only the expert's conclusions about Mr. Funches's relevant diagnoses but the observations regarding mitigating circumstances endured by Mr. Funches at relevant points in his life. Furthermore, this will be crucial for this Court's understanding of an appropriate sentence for Mr. Funches, including a sentence that addresses his medical needs in custody. *See* 18 U.S.C. § 3553(a)(2)(D). The defense submits that an understanding of these circumstances are indispensable to the Court for sentencing however, the final report was received only today.

6. In addition to providing the report to the Court, U.S. Probation and the government must be provided an opportunity to review it and consider the opportunity to make changes to their recommendation and relevant factors set forth in the PSI. For the same reasons the information contained in the report is important to the Court, changes may be necessary to the PSI. The parties stipulate that a continuance of at least 30 days will be a sufficient opportunity for the U.S. Probation Officer to review the report and make any necessary updates to the PSI accordingly.

7. The defense expert is not to blame for the timing of the report: his field of expertise is relatively uncommon and his pre-planned travel schedule, in addition to the need to schedule a visit with the jail, prevented the completion of the report sooner. It was merely a difficult timeline.

8. At the risk of overkill, the defense reiterates the magnitude of the potential sentence in this matter and thus needs this continuance to ensure Mr. Funches receives the representation to which he is entitled. Mr. Funches is today 59 years old. He has not been in top health while in jail, suffering diabetes and complications therefrom. Further, as this Court is likely aware, "we do know that, as a statistical matter, the life expectancy of an incarcerated person drops significantly for each year of incarceration." *United States v. Jenkins*, 854 F.3d 181, 186 n.2 (2d Cir. 2017) (citing Evelyn J. Patterson, The Dose-Response of Time Served in Prison on Mortality: New York State, 1989–2003, 103 Am. J. of Pub. Health 523, 526 (2013)). More specifically, the Patterson study concluded that there was "a 2-year decline in life expectancy for each year served in prison."[1] From the perspective of the defense, Mr. Funches's only reasonable chance at freedom (as opposed to dying in prison) will require the Court impose the mandatory minimum of 120 months, half of what probation has thus far recommended. This is why the defense considers this additional time so significant.

9. Additionally, lead counsel for Defendant, Kathleen Bliss, Esq., has pre-planned travel on an appointed case in the District of Alaska, *United States v. Grant*, 3:19-cr-003, that will render her unavailable until the last week of September.

10. Co-Counsel for Defendant, S. Alex Spelman, Esq., will be in Carson City for oral argument before the Nevada Supreme Court during the week of August 31, 2026, and will be out of town on pre-planned travel October 2 through October 5, 2026.

11. The parties have conferred and have identified the last week of September 2026 as the soonest date that will work for both parties.

12. Defendant is in custody and does not object to the continuance.

13. Denial of this request could result in a miscarriage of justice. This continuance will allow counsel for defendant to prepare for sentencing and effectively and competently represent defendant through and during sentencing. Moreover, the speedy trial protections of the Sixth

[1] *See* Evelyn J. Patterson, The Dose-Response of Time Served in Prison on Mortality: New York State, 1989–2003, 103 Am. J. of Pub. Health 523, 526 (2013) https://www.ncbi.nlm.nih.gov/pmc/articles/PMC3673515/ (accessed August 20, 2026).

Amendment do not apply after an individual has pleaded guilty and are thus inapplicable here. *Betterman v. Montana*, 578 U.S. 437, 439 (2016). Because the additional time is needed to ensure defendant has time to present a full mitigation at sentencing, the additional time requested is not an "undue delay." Fed. R. Crim. P. 32(b).

Respectfully submitted on August 20, 2026.

*/s/ Kathleen Bliss, Esq.*
Kathleen Bliss, Esq.
KATHLEEN BLISS LAW PLLC
170 South Green Valley Parkway
Suite 300
Henderson, NV 89012
702.318.7375

*/s/ S. Alex Spelman, Esq.*
S. Alex Spelman, Esq.
Winters Spelman PLLC
3191 E. Warm Springs Rd., Ste 100
Las Vegas, NV 89120
702.832.0342

*Counsel Kefer Funches*

TODD BLANCHE
Acting Attorney General

*/s/ Steven Rose, Esq.*
STEVEN J. ROSE
Assistant United States Attorney

/ / /

/ / /

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>Kefer Funches,<br>Defendant. | CASE NO. 2:24-cr-64-RFB-EYJ-1<br><br>FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER |

Based on the pending stipulation of the parties, and upon the Court's finding of good cause, IT IS HEREBY ORDERED:

## FINDINGS OF FACT

1. The parties agree to the continuance.
2. The additional time is needed to ensure that counsel for defendant has sufficient time to gather mitigating evidence and prepare for sentencing, in addition to giving U.S. Probation an opportunity to review additional information and update the PSI if it deems necessary and/or appropriate.
3. Additionally, denial of this request for a continuance could result in a miscarriage of justice. The time requested by this Stipulation is not an "unreasonable delay" of the sentencing. Fed. R. Crim. P. 32(b).

## CONCLUSIONS OF LAW

The ends of justice served by granting said continuance outweigh the best interest of the public and the defendant, since the failure to grant said continuance would be likely to result in a miscarriage of justice, would deny the parties herein sufficient time and the opportunity within which to effectively and thoroughly prepare for sentencing, taking into account the exercise of due diligence.

The time from continuance sought herein is not an "unreasonable delay" for purposes of Fed. R. Crim. P. 32(b).

**ORDER**

IT IS THEREFORE ORDERED that the sentencing hearing scheduled for August 27, 2026, be vacated and continued to October 16, 2026 at 10:45 a.m.

DATED August 21, 2026.

HONORABLE RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE